IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL QUELLHORST, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| 2929 REAL ESTATE HOLDINGS, | § § | CIVIL ACTION NO. 4:25-cv-01229 |
| Defendant. | § § § § | |

**DEFENDANT 2929 REAL ESTATE HOLDINGS'S
<u>NOTICE OF REMOVAL</u>**

Defendant 2929 Real Estate Holdings files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and would show the Court as follows:

**I.   INTRODUCTION**

1.   Plaintiff Daniel Quellhorst alleges that "[D]efendant's actions and/or omissions . . . have resulted in the emission of harmful radio waves, causing significant health issues to [Plaintiff]." Ex. 1, Pet. ¶ 1. "Despite efforts to resolve these issues," Plaintiff complains, "the situation remains unresolved." *Id.* But Plaintiff cannot dictate whether radio waves are harmful. "The FCC, not the Plaintiff[], not state law, and not city officials, decide whether regulations [regarding radio frequency emissions] are adequate to protect the public." *Bervinchak v. E. Hempfield Twp.*, No. 5:20-CV-05421, 2021 WL 2525561, at *5 (E.D. Pa. June 21, 2021). Because the allegations in Plaintiff's Petition arise out of federal law, are completely preempted by federal law, and raise substantial issues of federal law, the Court has federal question jurisdiction.

**II.   COMMENCEMENT AND SERVICE**

2.   On February 21, 2024, Plaintiff commenced this action by filing his "Complaint"

in the 334th Judicial District Court of Harris County, Texas, styled *Daniel Quellhorst v. 2929 Real Estate Holdings*, Case No. 202411204 (the "State Court Action"). *See* Pet. Through its statutory registered agent, Defendant was served on February 12, 2025. Ex. 9, Declaration of Service.

3. This Notice of Removal is filed within thirty days of the receipt of service of process and is thus timely under 28 U.S.C. § 1446(b).

### III.  GROUNDS FOR REMOVAL

4. Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because Plaintiff's claim that Defendant emits harmful radio frequency waves arises under federal law, is completely preempted by federal law, and raises substantial federal questions.

5. Plaintiff's claim that Defendant emits harmful radio arises under Title 47, Chapter 5 of the United States Code governing the Federal Communications Commission (FCC), its regulation of radio frequency waves, and the remedies for alleged violations of such regulations.

6. The FCC has long been responsible for determining whether radio frequency waves are harmful. The Communications Act of 1934 established the FCC as the authority to regulate radio waves. *See* 47 U.S.C. § 151. One such power is to regulate "the kind of apparatus to be used for" radio frequency waves and "the emissions" that such equipment may produce. *See* 47 U.S.C. § 303(e).

7. The Telecommunications Act of 1996 further directed the FCC "to prescribe and make effective rules regarding the environmental effects of radio frequency emissions." In a 1996 Order, the FCC did just that and prescribed the radio frequency emission standards that in large part still exist to this day. *Guidelines for Evaluating the Environmental Effects of Radiofrequency Radiation*, 11 F.C.C.R. 15123 ¶ 171 (1996). The FCC reaffirmed these standards in a 2019 Order.

*Resolution of Notice of Inquiry, Second Report and Order, Notice of Proposed Rulemaking, and Memorandum Opinion and Order*, 34 F.C.C.R. 11687 ¶ 14 (2019).

8. Plaintiff does not assert any state law claims. *See generally* Pet. Plaintiff's allegations are best read as seeking a declaratory judgment that Defendant emits "harmful radio waves" in violation of FCC Orders. When a party challenged statutes and orders overseen by the FCC in a similar case, Judge Hittner held that federal question jurisdiction existed. *See Crown Castle Fiber LLC v. City of Pasadena*, 618 F. Supp. 3d 567, 577 (S.D. Tex. 2022) ("Because the basis of one of Crown Castle's claims is that the Design Manual is preempted by federal [law], the Court finds federal subject matter jurisdiction exists.").

9. Even if Plaintiff brought state law claims, the Court would still have subject matter jurisdiction because Title 47, Chapter 5 of the United States Code and the FCC Orders noted above would completely preempt any such claims. *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012) ("The real jurisdictional dispute in this case is whether the Copyright Act preempts any of GlobeRanger's claims. If it does, then the district court properly exercised jurisdiction over this case. Further, if it preempts all of them, then the case should be dismissed. If it plausibly preempts some but not all, however, then the case can continue in federal court."). Indeed, the Seventh Circuit held that effectively challenging FCC Orders on areas that are "reserved to federal regulation" confers federal question jurisdiction. *See Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 989 (7th Cir. 2000).[1]

10. At the very least, Plaintiff's allegations raise substantial questions of federal law.

---

[1] While the Fifth Circuit has not weighed in on this issue, there appears to be a circuit split with the Fourth Circuit holding that alleged violation of FCC regulations did not raise preemption issues. *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 451 (4th Cir. 2005). Numerous courts have criticized *Pinney*'s reasoning. *See, e.g.*, *Farina v. Nokia Inc.*, 625 F.3d 97, 133–34 (3d Cir. 2010) (criticizing *Pinney*); *Fontana v. Apple Inc.*, 321 F. Supp. 3d 850, 855 (M.D. Tenn. 2018) (same).

In a similar case involving interpretation of an FCC Order, a federal court held that "construing and determining the effect of [an FCC Order] on federal preemption" raised substantial federal issues; thus, the court "conclude[d] it has federal-question jurisdiction." *Sposi v. Santa Clara City, Utah*, No. 2:17-CV-1057-CW, 2021 WL 5163209, at *18 (D. Utah Nov. 5, 2021); *see also Greater Fremont, Inc. v. City of Fremont*, 302 F. Supp. 652, 655 (N.D. Ohio 1968) ("Since the facts essential to determine whether the FCC has preempted this type of regulation and those necessary to determine the validity of these ordinances are essentially the same, this Court has jurisdiction over the entire controversy.").

11. Because Plaintiff's allegations arise under federal law, the FCC Orders preempt his allegations, and interpretation of FCC Orders raises substantial issues of federal law, the Court has federal question jurisdiction under 28 U.S.C. § 1331.

## IV.   VENUE

12. Venue lies in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the State Court Action in this judicial district and division. Further, removal to this Court is proper because the United States District Court for the Southern District of Texas, Houston Division, is the district court for the district and division embracing Harris County, Texas. 28 U.S.C. §§ 1441(a); 28 U.S.C. § 124(b)(2).

## V.   CONSENT TO REMOVAL

13. No consent to removal is necessary as 2929 Real Estate Holdings is the only defendant in this lawsuit.

## VI.   NOTICE

14. Defendant will give notice of the filing of this Notice of Removal to all parties of

record pursuant to 28 U.S.C. § 1446(d). Defendant will also file with the clerk of the state court, and will serve upon Plaintiff, a notice of the filing of this Notice of Removal.

## VII.   STATE COURT PLEADINGS

15.   In accordance with 28 U.S.C. § 1446(a) and the Court's Local Rules, this Notice of Removal is accompanied by copies of all process, pleadings, and orders served upon Defendant and any documents filed in the State Court Action:

| | |
|---|---|
| Exhibit 1: | Complaint and Demand for Jury Trial; |
| Exhibit 2: | Request for Issuance of Service; |
| Exhibit 3: | Citation (Unexecuted); |
| Exhibit 4: | Notice of Dismissal for Want of Prosecution; |
| Exhibit 5: | Verified Motion to Retain and Exhibits in Support; |
| Exhibit 6: | Order on Motion to Retain Case on Docket; |
| Exhibit 7: | Notice of Dismissal for Want of Prosecution; |
| Exhibit 8: | Request for Issuance of Service; and |
| Exhibit 9: | Declaration of Service. |
| Exhibit 10: | Summons Served on Defendant |
| Exhibit 11: | Docket Sheet that includes all matters filed |

16.   No other process, pleadings, or orders have been served upon Defendant as of the date of filing of this Notice of Removal.

## VIII.   CONCLUSION

17.   Defendant hereby removes this action from the 334th Judicial District Court of Harris County, Texas, to this Court under 28 U.S.C. § 1331.

Dated: March 14, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ David T. McDowell*
    David T. McDowell
    State Bar No. 00791222
    David L. Villarreal
    State Bar No. 24095434
    Dana Massett
    State Bar No. 24143166

    1001 Fannin, Suite 2400
    Houston, Texas 77002
    Telephone: 713-337-5580
    Facsimile: 713-337-8850
    david.mcdowell@mhllp.com
    david.villarreal@mhllp.com
    dana.massett@mhllp.com

**ATTORNEYS FOR DEFENDANT**
**2929 REAL ESTATE HOLDINGS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2025, a true and correct copy of the foregoing was served via U.S. First Class Mail and Certified Mail, Return Receipt Requested on the following:

Daniel Quellhorst
4236 Feagan Street
Houston, Texas 77007

    */s/ David L. Villarreal*
    David L. Villarreal